UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 14-cr-80110-BLOOM**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

JESUS M. ALVAREZ,

      Defendant.

_____/

<u>**ORDER ON MOTION FOR RECONSIDERATION**</u>

**THIS CAUSE** is before the Court upon *pro se* Defendant Jesus M. Alvarez' ("Defendant") Motion for Reconsideration ("Motion"), ECF No. [356]. The United States of America (the "Government") filed a Response in Opposition ("Response"), ECF No. [366]. The Court has reviewed the Motion, the Response, the record, and is otherwise fully advised. For the reasons that follow, Defendant's Motion is denied.

**I.    BACKGROUND**

On July 3, 2014, Defendant was indicted along with seven co-conspirators for possession of five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846. ECF No. [43] at 1-3. On January 9, 2015, Defendant pled guilty to the offense, and appeared before U.S. District Judge T.K. Hurley for sentencing on May 8, 2015. ECF Nos. [190], [262], [294]. Judge Hurley applied the Presentence Investigation Report, which calculated Defendant's Base Offense Level at 38, and included a four-level enhancement for Defendant's role as an organizer or leader of the criminal activity involving five or more participants and was otherwise extensive, pursuant to U.S.S.G. §3B1.1(a). *See* ECF No. [294]. Judge Hurley then removed the two-level enhancement for Obstruction of Justice and provided a two-level reduction for

Acceptance of Responsibility pursuant to U.S.S.G. §3E1.1, resulting in a total Offense Level of 40, Criminal History Category of I. *Id.* at 126, 229-230, 239. Defendant received a criminal history point due to his December 12, 1997, conviction in the United States District Court for the Southern District of Florida, Case No. 97-8070-CR-RYSKAMP for the felony offense of Possession of Counterfeit Federal Reserve Notes. ECF No. [282] ¶ 52. The advisory guideline range was 292 to 365 months of imprisonment. ECF No. [294] at 230. After weighing the 28 U.S.C. § 3553(a) factors, Judge Hurley imposed a sentence of 300 months of imprisonment, followed by a term of five years supervised release, and a fine of $1,000,000.00.[1] ECF Nos. [271], [294] at 240-41. On May 14, 2015, Defendant filed a Notice of Appeal to the Eleventh Circuit; however, Defendant's sentence was affirmed. ECF Nos. [286], [301]. Finally on March 9, 2017, Defendant's writ of certiorari was denied by the Supreme Court of the United States. ECF No. [302].

On November 2, 2023, Defendant filed a Motion Regarding an Order for Sentencing Reduction Pursuant to Title 18 U.S.C. § 3582(c)(2) ("Prior Motion"), ECF No. [343][2]. The Government filed a response in opposition, and Defendant filed a reply. ECF Nos. [344], [349]. On February 12, 2024, this Court issued its Order denying Defendant's Prior Motion, stating:

> Defendant filed a Motion For Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2), seeking a reduction of his term of imprisonment in light of the retroactive amendment pursuant to Amendment 821 and the § 4C1.1 Zero-Point Offender guideline. However, the Defendant was previously sentenced for a conviction of possession of counterfeit federal reserve notes, in the Southern District of Florida, Docket number 9:97-cr-08070, and received one criminal history point, pursuant to § 4A1.1(c). Additionally, the Defendant was determined to be an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. Therefore, four levels were added to his guideline calculations pursuant to § 3B1.1(a). As such, Defendant is not eligible for relief as a Zero-Point Offender.
> ECF No. [355]

---

[1] This fine was later vacated upon Defendant's Unopposed Motion to Vacate Fine as he no longer had the ability to pay. ECF Nos. [298], [299].
[2] This case was reassigned to U.S. District Judge Beth Bloom on February 28, 2019. ECF No. [313].

Defendant thereafter filed the instant Motion seeking reconsideration of the Court's Order, asserting support pursuant to the Federal Rules of Criminal Procedure, Rule 36, clerical error due to oversight or omission, and the Federal Rule of Evidence 201, and judicial notice of adjudicative facts. ECF No. [356] at 1. Defendant argues that the plain language of U.S.S.G. §4C1.1 mandates reduction of a defendant's offense level by two points, if all the criteria within §4C1.1 are met. *Id.* at 3. Defendant contends the conjunctive word "and" in subsection (10) of §4C1.1(a) means he can only be denied relief under this subsection if he both received an adjustment under §3B1.1 for an aggravating role in the offense and was engaged in a continuing criminal enterprise. *Id.* at 4. Defendant maintains he is a zero-point offender because his 1997 offense occurred more than fifteen years prior to the instant offense and was therefore too old to result in a criminal history point. *Id.* at 6.

The Government responds that for §4C1.1(a)'s two-level reduction in sentencing to apply, a defendant must satisfy all enumerated criteria. ECF No. [366] at 5. The Government argues a defendant cannot have received an adjustment for an aggravating role in the offense pursuant to § 3B1.1, nor have been found to have engaged in a continuing criminal enterprise as part of the offense, to qualify for relief under §4C1.1(a)(10). *Id.* The Government cites to case law within this district to establish that a defendant's failure to satisfy both of those criteria precludes relief, notwithstanding the use of the conjunctive word "and" in subsection (10) of §4C1.1(a). *Id.* The Government points out that Defendant received an adjustment due to his aggravating role in the offense pursuant to §3B1.1 and is therefore ineligible for a sentence reduction. *Id.* at 9. The Government further points out that Defendant is not a zero-point offender and ineligible for a sentence reduction for this reason as well. *Id.*

## II.   LEGAL STANDARD

### A.  Motion for Reconsideration

"[N]o statute or Federal Rule of Criminal Procedure authorizes the filing of a motion for reconsideration in a criminal case." *United States v. Vives*, 546 F. App'x 902, 905 (11th Cir. 2013). Yet, the Supreme Court and Eleventh Circuit have permitted the filing of motions for reconsideration in criminal cases. *See United States v. Phillips*, 597 F.3d 1190, 1199-1200 (11th Cir. 2010) (citing *United States v. Ibarra*, 502 U.S. 1, 6-8 (1991)). "In adjudicating motions for reconsideration in criminal cases, district courts have relied on the standards applicable to motions for reconsideration filed in civil cases pursuant to Rule 59, Federal Rules of Civil Procedure." *United States v. Brown*, No. 3:18-CR-89-J-34JRK, 2019 WL 7067091, at *1 (M.D. Fla. Dec. 23, 2019) (listing cases). "The only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citations omitted). A motion for reconsideration cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior" to the Court's ruling. *Id*. (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)).

## III.   DISCUSSION

### B.  Defendant Received an Adjustment as an Organizer or Leader of a Criminal Activity, Precluding Relief Under § 4C1.1

Defendant cites to cases primarily from the Ninth Circuit from 1998, 2003, and 2011 to argue that §4C1.1(a)(10) is ambiguous, should be read in his favor, warranting a two-point reduction of his sentence. *See United States v. Leal-Felix*, 665 F.3d 1037, 1040 (9th Cir. 2011) ("If, after applying the normal rules of statutory interpretation, the Sentencing Guideline is still ambiguous, the rule of lenity requires us to interpret the Guideline in favor of [defendant].")

4

The Government responds that in order for §4C1.1(a)'s two-level reduction in sentencing to apply, a defendant must satisfy all enumerated criteria. ECF No. [366] at 5. The Government points out that, to be eligible for relief, a defendant must be able to show that he did not receive an enhancement for an aggravating role in the offense pursuant to §3B1.1, *and* that the defendant was not engaged in a continuing criminal enterprise, defined in 21 U.S.C. § 848. *Id*.

As the Eleventh Circuit held, "[t]he only grounds for granting a Rule 59 motion are newly discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). Defendant fails to show any ambiguity with respect to §4C1.1(a)(10) such that there has been an error of law warranting reconsideration. Defendant's case law is also unavailing. In *United States v. Leal-Felix*, 665 F.3d 1037 (9th Cir. 2011), the Ninth Circuit reversed a decision by the district court, holding that the term "arrest" must mean a defendant was formally arrested, and the issuance of a citation alone was insufficient to qualify as an arrest for sentencing under then U.S.S.G. § 4A1.2(a)(2). *Id*. at 1039. The court in *Leal-Felix* held when "after applying the normal rules of statutory interpretation, the Sentencing Guideline is still ambiguous, the rule of lenity requires us to interpret the Guideline in favor of [the defendant.]" *Id*. citing *DePierre v. United States*, 564 U.S. 70, 88 (2011) (finding the rule of lenity did *not* apply in favor of the defendant as "the normal rules of statutory construction in this case [made] clear" Congressional intent). Defendant also cites to *U.S. v. Soberanes*, 318 F.3d 959 (9th Cir. 2003) which found "a fundamental canon of statutory interpretation holds that, when there is an apparent conflict between a specific provision and a more general one, the more specific one governs." *Id*. at 963. Nevertheless, the court in *Soberanes* found no ambiguity with respect to an application note applying a special rule to one subsection within sentencing guidelines. *Id*. No case cited by Defendant demonstrates an error of law or fact supporting reconsideration of this Court's February

12, 2024 Order denying Defendant's Prior Motion for a reduction of his sentence. Moreover, Defendant fails to show any ambiguity with respect to §41C.1(a)(10) suggesting lenity is warranted.

Instead, as the Government points out, courts in this district have uniformly, and without ambiguity, held that a defendant charged with an aggravating role is ineligible for a sentence reduction under §4C1.1(a)(10). *See United States v. Carlos Rafael Castaneda Mendez*, Case No. 20-cr-20155-RUIZ, (S.D. Fla. Jan. 18, 2024) ECF No. [351] at 6 ("In sum, the plain language and context of § 4C1.1(a)(10) is properly read to exclude any defendant who *either* had an aggravating role enhancement *or* engaged in a continuing criminal enterprise. Indeed, courts in this district have uniformly interpreted the guideline provision in this fashion, thereby disqualifying *both* sets of defendants."); *United States v. Leduan Abraham Moreno Garcia*, Case No. 22-cr-20027-ALTONAGA, (S.D. Fla. Jan. 5, 2024) ECF No. [135] ("Defendant is not eligible for a sentence reduction under Amendment 821, the 'zero point offenders amendment,' because at the time of his original sentencing hearing, Defendant received an aggravating role enhancement."); *see e.g.*, *United States v. Frederik Barbieri*, Case No. 18-cr-20060-SCOLA, (S.D. Fla. Dec. 7, 2023) ECF No. [123] ("In addition, [the defendant] received sentencing enhancements as a leader and organizer of his trafficking organization, making him also ineligible for the two-level decrease under requirement number ten."). This reading is consistent with Supreme Court precedent. *See Pulsifer* v. *United States*, 601 U.S. 124, 150 (2024) (finding the conjunctive word "'and' joins several individually necessary conditions for safety-valve relief.").

Defendant received a sentencing enhancement for his role as an organizer or leader of the criminal activity, which included five or more participants, as provided in his Presentence Investigation Report. *See* ECF No. [282] ¶ 46. Defendant does not refute his role as an organizer

6

or leader or that Judge Hurley applied the enhancement at Defendant's sentencing hearing. *See* ECF No. [294] at 201:9-12 ("I am well satisfied based on the evidence that has been presented that Mr. Jesus Alvarez does qualify as a leader and organizer and a four-level enhancement is in fact appropriate.")

Accordingly, finding no error of law, the Court denies Defendant's Motion as he fails to show ambiguity with respect to §4C1.1(a)(10). The four-level sentencing enhancement as a leader or organizer of the offense was properly applied and precludes a reduction of his sentence.

### C.  Defendant is Not a Zero-Point Offender

Defendant argues that the criminal history point assessed to him due to his conviction for possession of counterfeit federal reserve notes in 1997, Case No. 97-cr-08070, is not warranted as the offense occurred more than fifteen years prior to the instant conviction. ECF No. [356] at 6. As such, Defendant contends he is a zero-point offender. *Id.* Defendant cites to his prior legal arguments supporting his previous motion for support. ECF Nos. [356] at 6; [349].

The Government responds that the assessment of one criminal history point was proper and is an independent reason why Defendant is ineligible for a sentence reduction. ECF No. [366] at 9. The Government argues that Defendant fails to set forth any discernible "countervailing argument" as to his criminal history point. *Id.*

As this Court has held before, Defendant is not a zero-point offender. While Defendant has only cited to his briefings for support, this Court must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citing *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003)). While Defendant did not cite the pertinent law, he is correct that certain offenses fall outside of the timeframe to be counted as a criminal history point pursuant to U.S.S.G. § 4A1.2. *See United States v. Blashinsky*, No. 21-10301, 2021 WL 4799744, at *3 n. 1 (11th Cir. 2021) (prior

convictions "did not score criminal history points due to the age of the convictions." (citing U.S.S.G. § 4A1.2(e)(3) ("providing that prior offenses that fall outside of certain time frames are not counted for criminal history purposes")); *see also United States v. Moreno-Salazar*, No. 21-14079, 2022 WL 2463555, at *1 (11th Cir. 2022) ("[The PSI] listed seven other adult convictions but did not assign criminal history points to those convictions because they were more than 15 years old." (citing U.S.S.G. §4A1.2(e)(3)); *see United States v. Brinson*, No. 23-10245, No. 23-10253, 2024 WL 1886548, at *2 n. 2 ("[the] prior convictions for aggravated assault and robbery no longer counted towards his criminal history because of their age.").

Section 4A1.2, Definitions and Instructions for Computing Criminal History, instructs when a prior offense can be used for computation of criminal history points. However, that provision supports that Defendant's sentencing history requires the assessment of a criminal history point. The guidelines provide:

> (e) Applicable Time Period
> (1) Any prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period.
> (2) Any other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted.
> (3) Any prior sentence not within the time periods specified above is not counted.
> § 4A1.2(e)(1)-(3)

Defendant argues his "alleged" offense from 1997 occurred more than fifteen years prior to his instant conviction and sentence, and therefore no criminal history points can be applied. ECF No. [356] at 6. As an initial matter, Defendant was *convicted* of possession of counterfeit federal reserve notes in violation of 18 U.S.C. § 472. That offense was more than an allegation. Defendant was arrested on June 10, 1997, pled guilty of the offense on October 3, 1997, and judgment was entered on December 12, 1997. *See* 97-cr-080702-KLR, ECF Nos. [1,3], [76,77], and [84].

8

Defendant was sentenced to a period of probation of eighteen months. ECF No. [84] at 2. For that reason, §4A1.2(e)(1) does not apply as he was not subject to a sentence of imprisonment. Instead, §4A1.2(e)(2) applies as "any other prior sentence" still results in a criminal history point as Defendant commenced the instant offense within ten years of when his prior sentence was imposed, which was December 12, 1997.

The application notes for U.S.S.G. §4A1.2 provide that "the term 'commencement of the instant offense' includes any relevant conduct" with respect to the commission of the instant offense. *Id*. cmt. 8; *see* U.S.S.G. § 1B1.3.[3] To have avoided receiving a criminal history point, Defendant must not have engaged in any relevant conduct related to the instant offense prior to December 12, 2007 (ten years after the imposition of Defendant's prior sentence). However, Defendant's Presentence Investigation Report establishes that relevant conduct commenced in 2006. ECF No. [282] ¶ 32 ("According to information provided by the government, [Defendant and codefendants] began their drug trafficking activities in about 2006, and were involved in about 15 loads per year, with each load involving at least 25 kilograms."). This includes relevant conduct related to Defendant's role as an organizer or leader under §3B1.1(a). *Id*. Consequently, the criminal history point at issue was properly assessed to Defendant, and he is not a zero-point

---

[3] This comment cites to U.S.S.G. §1B1.3, Relevant Conduct, which provides in pertinent part:

(a)(1)

(A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and
(B) in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all acts and omissions of others that were—
(i) within the scope of the jointly undertaken criminal activity,
(ii) in furtherance of that criminal activity, and
(iii) reasonably foreseeable in connection with that criminal activity;

that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense.

offender. That is an independent reason that Defendant is not eligible for a reduction in his sentence under Amendment 821, Part B for Zero-Point Offenders.

Accordingly, for the reasons discussed above, Defendant's Motion must be denied.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Jesus M. Alvarez' Motion for Reconsideration, **ECF No. [356]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on September 4, 2024.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record